Good morning, may it please the court, I'm Bill Musgranz, or Elias Valdez. The veteran entered the service in 1958, it's been 50 years. He has been service-connected, he was honorably discharged with some medical issues after he'd been in the service about a year and a half. He has had some degree of disability rating as service-connected since approximately 1963. Not substantial, but over the course of time, it's come to the point that he is approximately 100% service-connected today. Those are not the issues we're hearing about. This- Frankly, I'm having a little difficulty, so maybe you could focus on the threshold jurisdiction. I'm having some trouble seeing why at least most of my lawyer's issues and grades are not factual questions or certainly at least not facts. Oh, okay. Because it really doesn't make a whole lot of difference what the facts were. The real issue is why all of a sudden in 2004 are we having a question like this? I'm sorry, I didn't- Why all of a sudden in 2004 does the ALJ have a question like this? That's the issue. What's the legal question you are asking us to resolve today? There's really two. One is under CFR 38, section 20.202, is the court doing the right thing? Is the court over-interpreting, over-reading into this regulation? I say that I did. And is the application, is this understanding of what they're doing with this 20.202 violating the constitutional right because they're coming and doing this at a point in time at which the regional office, the agency of local jurisdiction, has said absolutely nothing about having a problem. Well, this regulation you cite to us requires essentially the veteran to give some kind of notice of what he's appealing, right? Right. This does. How is there anything there for us to interpret in this? If the court- What are the facts? I understand your question. That is the point of the brief that was found by the governor. In order for the Court of Veterans' Appeals to do what it did in this case, it necessarily has to have misinterpreted 20.202. It has to be violating the constitutional rights of this particular individual and probably a lot of other individuals if this is what they're going to do. Due process rights? Due process. He got a hearing. Where's the lack of process when he gets a chance to say anything he wants to say? Right. And he got a hearing on the two issues that two years later the board and then the court said, well, we're not going to do that anymore. They gave him a hearing and then they took it away without an opportunity to deal with the question. The specific question was never presented to the veteran. The specific question was you didn't do enough to argue your case in 1998 when you filed. But when they say that, aren't they looking at the facts of the case and saying you did not meet the requirements of the regulations? No. Now, they may be right or wrong, but isn't that application of they're looking at the facts and finding those facts in light of the regulations? No, I don't think so, Judge, because what they're doing is they're saying there isn't any. Now we're going to say that there isn't any argument. Now we're going to say six years later that there isn't any argument about these two issues. That's the problem. You've got a notice of disagreement filed in 1998. You've got an appeal filed in 1998. You've got conflicting statements of the case being issued. And I know you guys have read the brief. It isn't as simple as the government wants you to think it is. This isn't one statement of the case and one notice of disagreement and one letter in lieu of form nine, notice of appeal. That is not what's going on here. There are a lot of conflicting statements and supplemental statements of the case about all these different issues. So what's really clear is the regional office accepted these two issues that have been thrown away in 1998. There was a hearing on these two issues where the law judge said these were the issues in 2002. There was an opinion issued by the same law judge in 2003 that ruled on these issues. It didn't just send it back for clarification under the act of notifying and helping the veterans. It was a lot more than that. There was a remand ordering the board and, I mean, the regional office to actually deal with these issues. And then after another appeal to the board in 2004, we finally get a ruling from the same law judge that did the hearing, did the 2003 opinion and did the 2004 opinion saying, well, we're not going to consider these two issues anymore. That's the issue. It has nothing to do with the particular facts of the case. It has to do with the procedural posture of where we're at in 2004 and saying, okay, now we've decided we're not going to hear these issues anymore. That's what's going on. And so that's the due process. That's the due process, right. And that is the problem. Was that issue raised before the veterans' claim? I'm sorry? Was that issue raised before the veterans' claim? Yes. Or they didn't address the constitutional piece of this? No. But it was raised? It was raised. And there really isn't anything more to this case. I know you folks have read these briefs, and I don't know exactly what the government is going to say about this, but that's the problem with the case. You've got all this posture and all this procedure that's gone on for years and years and years, and then all of a sudden the Court of Veterans Appeals says, well, we're not going to do this. We're not going to stay here. And those same issues have been in this file. The cervical spine issue has been around since 1974. We've got 1,400 pages in this file. So look for just a moment at the 1998 April letter that everything rests on. That really did just say I'm appealing the specific conditions that are linked to the acute claim, right? The full reconsideration that you sought was full reconsideration based on the acute claims, right? The letter is included in the appendix. Yes. I don't know. So you're able to read the letter as well as anybody else can read the letter. What he's required to do, I'm respectfully requesting a full reconsideration of the below stated based on the grounds of clear and unmistakable error. I'm requesting full reconsideration of these things right here, the ones I'm pointing out to you. All right. That's what's getting into the facts a little bit here. Yes. But why isn't that just pretty clear as to what you've given notice of? Well, first of all, there are a lot of delineations in that letter, which is pretty obvious about all these different claims. But the fact is the regional office at that point accepted, based on their statement of the cases that were issued, there's two of them in early March, they accepted these two issues as part of the four basic issues that were being considered at that point on appeal. The regional office never came back under the regulation, the CFR, and said, we need some clarification here. They didn't do that. And those continued on until we had a hearing, and the ALJ specifically said, these two issues are part of the issues that we're talking about today. Under the regulation, under the CFR, those become the law of the case at that point. And then even further, the same ALJ comes back in 2003 on a remand to the RO and says, you've got to deal with all these issues, including these two. At what point does this veteran have an opportunity, this 60-some-year-old veteran have an opportunity to articulate a little bit better, maybe, what he's trying to talk about here? He's told in a form that was available to him at the time, you may want to refer to specific items of evidence that you feel support your appeal, but you do not have to describe all the evidence you have submitted. 1,400 pages. You should not attach copies of things you have already sent to the VA. That's what he's told. That's what every veteran has told me. So if you say at this point the Court of Veterans' Appeals can come back after six years after a claim has been articulated and filed in some kind of a reasonable way and say, we're not going to do that anymore, what are we going to do with all the other veterans that are going to have the same kind of issues? That's what we're really talking about here. This guy is going to be okay. Do you want to say your final time has been authorized? I think I pretty much said that. I don't have anything else to say. I'm here to answer your question. Okay. Thank you. The hearing is closed. Good morning, Your Honor. May it please the Court. We respectfully request that this Court dismiss the case for lack of jurisdiction. All of Mr. Valdez's claims involve either finding the fact or application of law to pass. What about the constitutional claim? The constitutional claim that he asserts is not really raising a legitimate constitutional claim. It's not a procedural due process issue that he's raising. Rather, it's a statutory interpretation issue that he's raising. He is discussing whether the Court properly applied 20.202 to the two letters that were recognized by the Veterans Court, the April 1998 letter and the October 1998 letter. But how do we dismiss a constitutional claim for lack of jurisdiction? Do you say it was frivolous or mislabeled? Certainly, an appellant needs to do more than label something as a constitutional claim. It has to be legitimately a constitutional claim before this Court can have jurisdiction to consider the fact. Under a constitutional claim, you can't just say, I have a constitutional claim and have that be enough for the Court to go into the facts. And here, he has not shown that he has any sort of constitutional due process claim. He's simply claiming that the Veterans Court misapplied the regulation to the findings of fact in his letters. The Veterans Court wrongly determined that his letters did not set forth the specific allegations of error after law that are required by the regulations of the Court. And therefore, lacks jurisdiction to consider that. To the extent that the Court feels that it has jurisdiction over any of the alleged constitutional claims, there was no failure of due process in this case. Mr. Valdez was clearly notified when he received the original statement of the case that he was required to file a substantive appeal. And it was explained exactly what needs to go into the substantive appeal. So he did get notice and he did get an opportunity to have a hearing and to raise any issues that he believed needed to be raised. And in fact, in the 2002 hearing, there was some question that these issues were raised. And they sent Mr. Valdez a letter saying, we think you might have attempted to raise a substantive appeal. Please explain further. And he did not provide an explanation. So he was certainly given an opportunity to do so. And he didn't even get that opportunity until at this point in time, which is too late. And what about the fact that evidence was taken in the hearing? In terms of? The other side suggested this was a ramification of the claims, correct? Right, well, it's not, Mr. Valdez hasn't cited any authority to show that the taking of evidence, or the fact that the judge barely mentioned that there were these other issues in existence. I have not found, and he did not cite anything that says that this would be a ratification of any kind. In terms of going back, there is a possibility that you can raise a substantive appeal by testimony. Or by other documents, but this would have been too late. The hearing was in 2002. Even if anything said at the hearing counted as a substantive appeal, it still wouldn't have been on time. But kind of misleading for the veteran of that circumstance, correct? I mean, they didn't go to put on evidence in order for them to have a comment. Well, the VA is supposed to favor the veteran and favor any claim for benefit. So in that sense, they made the claim, and then even thereafter, sending a letter saying, we think you might be charged with appeals in fairness to the veteran. It was not a contradiction. I don't know if there are any questions. Ms. Holland? I can't hear. Mr. Ross, you still have three minutes. I think you can respond to it. Your Honor, the 38 CFR does tell the ALJ what it's supposed to do. And the sections in 19.26, 19.33, and 20.706 give a frame in which the ALJ is supposed to operate. And they not only tell him what he's supposed to do, they tell him what's supposed to happen if he can't clarify the issues. And none of that took place. In 2002, these issues were established. And the question that I have for this Court, and I bet you a lot of veterans we have for this Court, is if you come back in 2004 after several rounds of this and suddenly say we're not going to do these two issues anymore, where does that leave the veteran? Thank you. Thank you, Mr. Ross.